February 3, 2010

The Honorable John Mark Cobern
Titus County Attorney
Titus County Courthouse
100 West First Street
Mount Pleasant, Texas 75455

Opinion No. GA-0757

Re: Whether the Behavioral Health Unit of the Titus Regional Medical Center is a "private facility" for purposes of section 118.055, Local Government Code (RQ-0795-GA)

Dear Mr. Cobern:

You ask whether the Behavioral Health Unit (the "BHU") of the Titus Regional Medical Center (the "TRMC") is a "private facility" for purposes of section 118.055, Local Government Code.[1] *See* TEX. LOC. GOV'T CODE ANN. § 118.055(c) (Vernon 2008).

You indicate that the TRMC is a general medical facility operated by the Titus County Hospital District (the "District").[2] We presume for purposes of this opinion that the TRMC is owned and operated by the District. A hospital district is a political subdivision of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.003(19) (Vernon Supp. 2008) (the term "political subdivision" includes a hospital district). The District was created in 1963, pursuant to article IX, section 9 of the Texas Constitution, by a special act of the Legislature. *See* Act of May 9, 1963, 58th Leg., R.S., ch. 298, §§ 1–20, 1963 Tex. Gen. Laws 771, 771–77; TEX. CONST. art. IX, § 9. Its enabling statute requires the District to "assume full responsibility for providing medical and hospital care for the needy residing within the District." Act of May 9, 1963, 58th Leg., R.S., ch. 298, § 2, 1963 Tex. Gen. Laws 771, 771. You state that the TRMC operates the BHU as part of its medical center and that periodically the TRMC "must make application on behalf of an indigent patient for mental health services to be provided to the patient at its behavioral health unit." Titus County Brief at 1.

You further state that when the TRMC files an action in county court on behalf of an indigent, payment of the application fee is determined by section 118.055(c) of the Local Government Code,[3] which provides:

---

[1] *See* Titus County Brief at 1 (attached to Request Letter) (*available at* http://www.texasattorneygeneral.gov).

[2] *See id.*

[3] *See id.*

> (c)  The fee for an action involving mental health or chemical dependency services is for the services listed in Sections 571.016, 571.017, 571.018, and 574.008(c), Health and Safety Code, or services under Subchapter C or D, Chapter 462, Health and Safety Code.  The fees shall be paid by the person executing the application for mental health or chemical dependency services and are due at the time the application is filed if the services requested relate to services provided or to be provided in a *private facility*.  If the services requested relate to services provided or to be provided in a mental health facility of the Texas Department of Mental Health and Mental Retardation or the federal government, the county clerk may collect the fees only in accordance with Section 571.018(h), Health and Safety Code.

TEX. LOC. GOV'T CODE ANN. § 118.055(c) (Vernon 2008) (footnote omitted and emphasis added).  You tell us the TRMC, which is operated by the District, is not a mental health facility of the Department of Mental Health and Mental Retardation or the federal government. *See generally* Titus County Brief.  The question before us is thus whether the BHU, as part of the TRMC, is a "private facility."

The term "private facility" is not defined in section 118.055 of the Local Government Code, nor in any other Texas statute of which we are aware.  However, the common meaning of the word "private" is well understood.  One dictionary defines the term "private" in the context of section 118.055 as "[b]elonging to a particular person or persons, as opposed to the public or the government[;] . . . [o]f, relating to, or derived from nongovernment sources[; and] . . . [c]onducted and supported primarily by individuals or groups not affiliated with governmental agencies or corporations: a private college [or] a private sanatorium." AMERICAN HERITAGE DICTIONARY 1396 (4th ed. 2000).  Another dictionary defines the word "private" to mean "of or relating to a system of education or medical treatment conducted outside the system of government."  OXFORD AMERICAN DICTIONARY 1356 (1st ed. 2001).  These common definitions indicate then that a "private facility" is one that is operated by an agency or institution that is not affiliated with any governmental body.

As we have indicated, the BHU is a part of the TRMC, which is operated by the Titus County Hospital District, a political subdivision of the state.  As such, a court would probably conclude that neither the BHU nor the TRMC may properly be denominated a "private facility."

## S U M M A R Y

A court would likely conclude that the Behavioral Health Unit of the Titus Regional Medical Center, as part of the Titus County Hospital District, is not a "private facility" for purposes of section 118.055, Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee